Order Form (01/2005)

# United States District Court, Northern District of Illinois
(Opinion)

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1253 | **DATE** | 8/5/2010 |
| **CASE TITLE** | Simonian vs. Pella Corp. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for change of venue (14) is granted. Accordingly, this action is transferred to the Southern District of Iowa. Status hearing set for 8/6/10 is now vacated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff Thomas A. Simonian ("Simonian") filed this *qui tam* action on behalf of the public against Pella Corporation ("Pella") alleging that Pella falsely marked its products with expired patent numbers in violation of 35 U.S.C.A. § 292(a). Pella, an Iowa corporation with its principal place of business in Pella, Iowa, moves to transfer venue pursuant to 28 U.S.C.A. § 1404(a) to the Southern District of Iowa for convenience.
   Transfer is appropriate under 28 U.S.C.A. § 1404(a) when the moving party demonstrates that venue is proper in both the transferor and transferee courts, transfer is convenient, and transfer is in the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)(citations omitted). The parties do not dispute that venue is proper both here and in the Southern District of Iowa, but Simonian argues that certain factors[1] weigh against transfer, namely, that 1) plaintiff's choice of forum should be given substantial deference, 2) the Northern District of Illinois is more convenient for the parties and witnesses, 3) material events occurred in this district, and 4) transfer would not be in the interests of justice. I disagree.
   First, in *qui tam* actions like this one, the plaintiff is actually the federal government, not Simonian. Therefore, contrary to Simonian's contentions, his choice of venue is not entitled to substantial deference. *See e.g., San Francisco Tech., Inc. v. Glad Prods. Co.*, No. 10-CV-00966 JF (PVT), 2010 WL 2836775, at * 8 (N.D. Cal. July 19, 2010)(citing authority indicating that plaintiff's choice of venue in a *qui tam* action is entitled to less weight; finding plaintiff's choice of venue in false marking cases weighs only slightly against transfer).
   Moreover, deference to Simonian's choice of venue is further lessened

## STATEMENT

because the situs of most if not all material events in this case is Pella, Iowa and not this district. Although Pella sells the allegedly falsely marked products in this district (as it likely does in numerous other districts including the transferee district), the decision to mark products, labeling and packaging decisions, and actual marking, among other material events, all occurred in Pella, Iowa, where all of Pella's key witnesses and documents are also located. (*See* Mem. 1-3, 5-7; Reply 1-2, 4-7.) Simonian suggests because Pella has sales and service employees located in this forum, those employees have knowledge of the use of expired patents. This position is unsupported and not credible in light of the evidence provided by Pella, none of which Simonian challenges.[2] In sum, it appears most if not all the relevant witnesses and documents are located in Pella, Iowa.

Finally, Simonian argues that transfer would be a waste of resources and therefore against the interests of justice because he has already filed numerous other false marking actions in this district, several of which are pending in my court. But, those cases involve different defendants, different patents, different products, and, therefore, completely different facts. The only similarities are the applicable law and that Simonian is the named plaintiff. Simonian's other lawsuits do not weigh against transfer.

Therefore, the convenience of the parties and witnesses, and the interest of justice dictate transfer of this lawsuit to the Southern District of Iowa.

---

1. In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D.Ill. 2002). In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id*.

2. Further, Pella has stated that Simonian will not be a witness, because proof of injury to him is not required and it is unlikely that he can testify to relevant information pertaining to this case.